C. P. TOMLINSON and S. E. WHINERY, Respondents, v. C. A. TIMMONS, Appellant.

**Kansas City Court of Appeals, March 6, 1911.**

1. CONTRACTS: Breach. Where plaintiffs are the aggressors and cause a breach of their contract with defendant, they cannot thereafter enforce the same against defendant.

2. ————: Employer's Personal Liability: Delay in Payment. Where defendant took contracts for painting in his own name, and employed plaintiffs to do the work, he became liable to them for their pay, and could not compel them to wait for their money, until he had collected from the customer.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

REVERSED AND REMANDED (*with directions*).

*Meservey* and *German* for appellant.

*John L. Wheeler* and *John C. Nipp* for respondent.

JOHNSON, J.—The petition is in two counts. In the first, plaintiffs, who were partners engaged in the business of housepainting, sue to recover $214.45, for work and labor done and material furnished defendant in painting a house and, in the second count, damages are prayed for the alleged breach by defendant of a contract of employment. The case is before us on the appeal of defendant from a judgment for plaintiffs on both counts. On the first for $214.45 and on the second for $250.

Defendant is engaged in the business of wall papering and maintains a store in Kansas City. According to the evidence of plaintiffs, he conceived the plan of adding a housepainting department to his business and on March 5, 1908, entered into a written contract

154 App.—32

with plaintiffs (who were painters employed by another concern, one as foreman and the other as a journeyman) by the terms of which plaintiffs were given shop room in the rear of defendant's store for the purpose of doing a general housepainting business. The contract was as follows:

"Contract, made and entered into on this day March 5th, and the year 1908, by and between the Timmons Wall Paper Company, and C. P. Tomlinson and W. E. Whinery, whereby Tomlinson and Whinery agree to pay the Timmons Wall Paper Company ten dollars per month for the specified space in the rear of store building at 1231 Grand avenue. This space to be used as paint shop.

"We further agree that C. P. Tomlinson and W. E. Whinery agree to pay the Timmons Wall Paper Company five per cent on all painting received or done where the Timmons Wall Paper Company have been instrumental in recommending and furnishing opportunity to make estimates on same. The Timmons Wall Paper Company further agree to turn over all painting with the exception of such painting as comes under the head of fresco, or inside painting, where it comes in connection with our papering.

"This contract extends over one year from the date above stated.

S. E. Whinery      (Seal)

C. P. Tomlinson   (Seal)

C. A. Timmons     (Seal)"

Plaintiffs state that the parties worked under this contract for four months when defendant declared he would observe it no longer and ordered plaintiffs to leave the premises. Everything in the paint shop belonged to defendant and in obedience to the order of defendant, plaintiffs put on their hats and departed. There was one unadjusted item between the parties when the rupture of their relations occurred. Defendant had

secured a job painting and paper hanging, and, pursuant to his contract with plaintiffs, had turned the painting (amounting in all to $214.45) over to them. Defendant contracted in his own name with the owner of the house and plaintiffs had no business connection with the owner but, of necessity, had to look to defendant for their pay. The owner failed to pay for the work and defendant refused to pay plaintiffs. This transaction is the subject of the cause of action pleaded in the first count of the petition.

During the four months the parties worked under the contract plaintiffs did some work that came to them without the intervention of defendant but most of their work came in the manner of the transaction we have described. Defendant would take a contract in his own name for paper hanging and painting and employ plaintiffs to do the painting. From the first plaintiffs objected to this method, insisting that they should be given the opportunity to deal directly with the customer. Defendant would not listen to this interpretation of the contract and this difference of opinion created an irritation that eventually culminated in the open rupture.

We think the evidence, even in its phase most favorable to plaintiffs, does not support their charge that defendant broke the contract. The antecedent and contemporaneous oral agreements were merged in the written contract which is clear, unambiguous and purports to cover the whole transaction. There is nothing in its terms that compelled defendant to refrain from contracting in his own name with his own customers for painting as well as paper-hanging and plaintiffs were in the wrong in insisting on an improper construction of the contract in a manner to render impossible the maintenance of amicable relations between them and defendant. They themselves were the wrongful aggressors —the breakers of the contract—and the learned trial judge erred in allowing a recovery on the second count.

The objections urged against the judgment on the first count are purely technical and are untenable. In instances such as that in controversy where the defendant took contracts in his own name and employed plaintiffs to do the work he became liable to them for their pay. Certainly they could not recover personal judgment against the customers of defendant since they had no contracts with them. The contract between the parties did not warrant defendant's attempt to compel plaintiffs to wait for their money until defendant had collected from the customer.

Objections are made to the sufficiency of the petition to state a cause founded on contract for work and labor. The petition is loosely drawn but its defects are of such nature that they were cured by verdict. It follows that the judgment will be reversed and the cause remanded with directions to enter judgment for plaintiffs on the first count in accordance with the verdict and for defendant on the second count. It is so ordered. All concur.